Owen McGtvern, J.
Plaintiff moves for a temporary injunction enjoining the declaration of a default in, or the termination or cancellation of a lease, upon the ground of the claimed violation of the use clause contained in the lease, and enjoining the commencement of any action or proceeding to secure possession of the premises upon such ground.
The lease under consideration was made with the defendant’s predecessor on March 11, 1953; the entire third floor was demised for use as “ a theatrical rehearsal studio to the extent permitted by law.” Deleted however from the lease was para *573 graph 41, which would have provided: “41. The Tenant has advised the Landlord that it will cause an investigation to be made of the appropriate municipal authority as to whether the demised premises may be used for the purposes described in the lease and will make such investigation by 4 P. M. on Monday, March 16, 1953. In the event it shall be disclosed by such appropriate municipal authority that the premises may not be lawfully used for the purposes for which they are hereby let, then and in such event any monies deposited upon the execution of this lease this day, shall be returned to the Tenant and thereupon this lease shall be deemed cancelled and each of the parties shall be relieved of any obligations to the other.”
Plaintiff contends that the quoted paragraph was significantly removed, for the reason that the obligation of investigation was the landlord’s, and that the landlord had represented that he had made an investigation and found that the use as provided was permissible. The defendant asserts that the paragraph was removed because plaintiff had stated an investigation had been made and that it was found that the proposed use was permissible, and that the clause was unnecessary. Plaintiff insists that the person attesting to this alleged fact was not present at the negotiations. In any event, plaintiff made substantial alterations and has used the premises as a theatrical rehearsal studio since the making of the lease and beyond the time when the defendant acquired the major lease in September, 1957. Defendant in its papers also contends that additional violations exist, including overloading. It appears that actually an inspection by the authorities was made, and the only violation filed against the premises involved a violation of the certificate of occupancy.
On November 26, 1957, plaintiff made application for the issuance of a new certificate of occupancy. Plaintiff now further alleges that defendant’s claim of violation is made in bad faith and for the real purpose of securing possession for its own use. It argues that the second floor is occupied by a fellow tenant and is use contrary to the certificate of occupancy as a dancing school, yet defendant has made no complaint of violation in respect thereto.
In all the circumstances as the court views them from this submission, the balance of convenience and equity requires favorable consideration of the plaintiff’s application, upon condition however that the application for the issuance of a new certificate be prosecuted with diligence, in which the defendant should join.
*574 The motion accordingly is granted. Settle order, at which time suggestions as to the amount of bond will be received. The order should also provide for an early trial.
(On reargument.)
The letters of December 11, 1957 and of December 12, 1957 are considered on this application for reargument. The application is granted and the order of December 10, 1957 is recalled. The motion for injunction is denied upon the condition that defendant consent to consolidation upon institution of any summary proceeding based upon the matters here involved.
Settle order.